**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| BORUSAN BIRLEŞIK BORU FABRIKALARI SANAYI VE TICARET A.Ş. AND BORUSAN PIPE U.S. INC., | )<br>)<br>)<br>) Court No. 26-02058<br>) |
| Plaintiffs, | ) **NON-CONFIDENTIAL** |
| v. | )<br>) Proprietary Information of<br>) Plaintiffs Removed from Pages 6-9 |
| UNITED STATES, | ) and 11 and from Attachments 1-4, 7,<br>) 10, and 12-13. |
| Defendants. | )<br>) |

**<u>COMPLAINT</u>**

Plaintiffs Borusan Birleşik Boru Fabrikalari Sanayi ve Ticaret A.Ş. ("Borusan Boru") and Borusan Pipe U.S. Inc. ("Borusan Pipe") (collectively, "Borusan" or "Plaintiffs"), by and through their counsel, allege and state as follows:

**<u>NATURE OF THE ACTION</u>**

1.    Plaintiffs challenge the denial of Protest nos. 530125110510 and 530125110511 by U.S. Customs and Border Protection ("CBP").  Protest no. 530125110510 was filed by Borusan Boru.  Protest no. 530125110511 was filed by Borusan Pipe.

2.    At the time that the entries subject to Protest nos. 530125110510 and 530125110511 entered the United States and during the underlying May 1, 2022 – April 30, 2023 antidumping duty ("AD") administrative review, Plaintiffs were known as Borusan Mannesmann Boru Sanayi ve Ticaret A.S. ("BMB") and Borusan Mannesmann Pipe U.S. Inc. ("BMP").  The companies' names changed in November 2023, many months after the entries at issue had already entered the United States.[1]

---

[1] While not relevant to the entries and assessment instructions at issue here, which list

3.      The U.S. Department of Commerce ("Commerce") issued assessment instructions to U.S. Customs and Border Protection ("CBP") at the conclusion of the AD administrative review of circular welded carbon steel standard pipe ("standard pipe") from Türkiye covering entries between May 1, 2022 and April 30, 2023.  Those assessment instructions provided CBP with the applicable AD rate to be applied to entries where BMB or BMP was the importer or customer.  The company names in those assessment instructions matched the company names provided in the Form 7501 entry forms for the entries during this period – *i.e.*, Borusan Mannesmann Boru Sanayi ve Ticaret A.S. and Borusan Mannesmann Pipe U.S. Inc.

4.      The entries covered by the Protests subject to this appeal consist of 73 entries of standard pipe from Türkiye that were imported by either BMB or BMP (the "subject entries").

5.      CBP liquidated the subject entries at the AD all-others rate of 14.74 percent instead of the lower importer/customer-specific assessment rates that Commerce assigned to BMB and BMP and directed CBP to use in its assessment instructions.  Plaintiffs protested CBP's incorrect liquidations, and CBP denied Plaintiffs' Protests.  When denying Plaintiffs' Protests, CBP referenced Commerce's assessment instructions but did not explain why it decided to liquidate Plaintiffs' entries in a manner contrary to those instructions.

---

BMB and BMP as the importer / customer, counsel notes that on January 9, 2024, BMB and BMP requested that Commerce conduct a changed circumstances review pursuant to 19 U.S.C. § 1675(b)(1) and 19 C.F.R. § 351.216 regarding BMB's and BMP's name change and demonstrated that the only change made to BMB's and BMP's structure was the name change and that Borusan Boru is the successor-in-interest to BMB and Borusan Pipe is the successor-in-interest to BMP.  On December 4, 2024, Commerce issued the final results of the changed circumstances review and determined that Borusan Boru is the successor-in-interest to BMB. *Circular Welded Carbon Steel Standard Pipe and Tube Products From the Republic of Türkiye; Welded Line Pipe From the Republic of Türkiye; Certain Oil Tubular Goods From the Republic of Türkiye; and Large Diameter Welded Pipe From the Republic of Türkiye: Final Results of Antidumping Duty Changed Circumstances Reviews*, 89 Fed. Reg. 96,211 (Dep't Commerce Dec. 4, 2024).

6.      Due to CBP's refusal to follow Commerce's clear instructions, Plaintiffs now appear before this Court in a matter that should have never reached this stage.  CBP has previously approved other protests by Plaintiffs for similarly situated entries.  Plaintiffs respectfully request a "just, speedy, and inexpensive determination" from this Court.  CIT Rule 1.

**JURISDICTION**

7.      This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1581(a) as this civil action contests the denial of Plaintiffs' protests.  CBP made a decision to liquidate the subject entries at rates other than those directed by Commerce.

8.      In the alternative, this Court also has jurisdiction pursuant to 28 U.S.C. § 1581(i), which gives the Court jurisdiction over "the administration and enforcement with respect to" *inter alia*, "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue."  *Id.*  If the Court were to conclude that CBP's role in this case was "purely ministerial" and not a "protestable decision under § 1514(a)," *Rimco v. United States*, 98 F.4th 1046, 1052-53 (Fed. Cir. 2024), then jurisdiction would be proper under 28 U.S.C. § 1581(i).  No other subsection of § 1581 provides jurisdiction (besides § 1581(a)) or provides an adequate remedy.

**THE PARTIES AND STANDING**

9.      BMB and BMP were the importers of record on each of the subject entries.  The subject entries entered the United States between May 12, 2022 and March 18, 2023.

10.     All of the entries at issue in Protest nos. 530125110510 and 530125110511 liquidated on August 8, 2025.  Plaintiffs timely filed protests of these liquidations on September 18, 2025.

11. CBP denied Plaintiffs' protests on December 29, 2025.

12. Plaintiffs therefore have standing to bring this action pursuant to 28 U.S.C. § 2631(a) because Plaintiffs are the parties who filed the protests pursuant to Section 514 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1514.

13. Defendant United States, U.S. Customs and Border Protection, is the party that denied the protests contested herein and is the statutory defendant under 28 U.S.C. § 2631(a).

14. All additional antidumping duties demanded by CBP have been paid on the entries subject to this appeal.

## TIMELINESS OF THIS ACTION

15. Pursuant to 19 U.S.C. § 1514(c)(3), protests must be filed within 180 days of either (A) liquidation, or (B) in circumstances where no liquidation has occurred, "the date of the decision as to which protest is made." 19 U.S.C. § 1514(c)(3); 19 C.F.R. § 174.12(e)(2).

16. The entries subject to this action were liquidated by CBP on August 8, 2025. Plaintiffs timely filed their protests of CBP's liquidation within 180 days, on September 18, 2025. Plaintiffs' protests were denied on December 29, 2025. This action was commenced within 180 days of the date on which Plaintiffs' earliest protest was denied pursuant to 28 U.S.C. § 2636. *See* ECF No. 1 (Mar. 16, 2026) and ECF No. 13 (Mar. 26, 2026).

17. In the alternative, if this Court determines that jurisdiction is proper under 28 U.S.C. § 1581(i), the case is also timely filed. An action under 28 U.S.C. §1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

18. Plaintiffs filed the summons and complaint in this case within two years after the cause of action first accrued. The claims asserted by Plaintiffs accrued at the earliest on August

8, 2025 when CBP liquidated Plaintiffs' entries at the all-others rate of 14.74 percent instead of the importer/customer specific assessment rates calculated by Commerce.

**STATEMENT OF FACTS**

**The Underlying Entries at Issue**

19.     Throughout the AD administrative review period of May 1, 2022 to April 30, 2023, BMB and BMP imported standard pipe from Türkiye that was produced and exported by BMB.  In those instances where BMP was the importer of record, BMP was the customer of BMB.  *See* **Exhibits 1 to 4**.

20.     For each of these entries, BMB or BMP paid the applicable antidumping duty cash deposit rate in effect at the time of entry.  *See* **Exhibit 3** and **Exhibit 4**.

**Commerce's AD Administrative Review and Issuance of Assessment Instructions to CBP**

21.     On July 12, 2023, Commerce initiated the administrative review of the AD order on standard pipe from Türkiye that entered the United States during the period of review from May 1, 2022 to April 30, 2023.  *Initiation and Antidumping and Countervailing Duty Reviews*, 88 Fed. Reg. 44,262 (Dep't Commerce July 12, 2023) (**Exhibit 5**).  The sole respondent selected in the administrative review was BMB.  *Circular Welded Carbon Steel Standard Pipe and Tube Products from Türkiye:  Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 12,296 (Dep't Commerce Mar. 17, 2025), ("*Final Results*") (**Exhibit 6**).

22.     On March 17, 2025, Commerce issued the *Final Results* of the AD administrative review and determined that BMB's weighted-average antidumping duty margin was 2.75 percent.  *See Final Results* (**Exhibit 6**).

23.     On April 24, 2025, Commerce issued its assessment instructions to CBP containing the assessment rate for each importer/customer of subject merchandise covered by the

administrative review in accordance with 19 C.F.R. § 351.212(b).  *See* Message No. 5114403

(**Exhibit 7**).

24.    Commerce's assessment instructions directed CBP as follows:

For all shipments of circular welded carbon steel standard pipe and tube products (CWP) from the Republic of Turkiye (Turkiye) produced and exported by Borusan Mannesmann Boru Sanayi ve Ticaret A.S.; Borusan Istikbal Ticaret T.A.S. (A-489-501-013), imported by or sold to (as indicated on the commercial invoice or Customs documentation) the firms listed below, and entered, or withdrawn from warehouse, for consumption during the period 05/01/2022 through 04/30/2023, assess an antidumping liability equal to the percentages listed below of the entered value or amount per-metric ton listed below of the entered value.

Importer or customer: **[                                                              ]**
Final rate: **[            ]**

Importer or customer: **[                                        ]**
Final rate: USD **[              ]**

Message No. 5114403 (**Exhibit 7**).

**CBP's Liquidation of BMB's and BMP's Entries**

25.    On August 8, 2025, CBP liquidated 60 entries imported by BMB and 13 entries imported by BMP that entered the United States during the May 1, 2022 – April 30, 2023 period of review.  *See* **Exhibit 1** and **Exhibit 2.**

26.    CBP liquidated all of these entries at the AD rate of 14.74 percent, the all-others rate for standard pipe from Türkiye.  *See* **Exhibit 1** and **Exhibit 2** and **Exhibit 7**.

**Plaintiffs' Protests Subject to this Court Appeal and CBP's Denials**

27.    On September 18, 2025, Plaintiffs protested CBP's liquidation of BMB's and BMP's entries at the all-others rate of 14.74 percent.  Plaintiffs explained that the entries at issue were imported by BMB or BMB and that CBP had incorrectly assessed antidumping duties on the entries at issue at a rate of 14.74 percent, the "all others" rate applicable to entries of standard pipe from Türkiye during this administrative review period, instead of BMB's and BMP's

assessment rates of **[          ]** (for entries where BMB was the importer or customer) or

**[              ]** (for entries where BMP was the importer or customer).  Plaintiffs

further explained that CBP's assessment of antidumping duties at the "all others" rate was

unlawful and contrary to Commerce's instructions to CBP regarding BMB's and BMP's

assessment rates for such entries.  *See* **Exhibit 1** (Protest No. 530125110510) and **Exhibit 2**

(Protest No. 530125110511).

28.    On December 29, 2025, CBP denied Plaintiffs' protests.  In both denials, CBP

stated that the protests were "{d}enied based on message 5114403.  If you have any questions

regarding message please contact the Call Center for the Office of AD/CVD Operations,

Enforcement and Compliance, International Trade Administration, U.S. Department of

Commerce at (202) 482-0984. Additionally insufficient documentation submitted."  *See* **Exhibit**

**8** and **Exhibit 9**.

29.    Counsel contacted both CBP and Commerce and met with both agencies in an

attempt to resolve this matter amicably without the need for litigation.  Those attempts proved

unsuccessful as CBP refused to re-consider its decision to deny Plaintiffs' protests nor did it

explain how the information submitted by BMB and BMP was "insufficient."

**Plaintiffs' Protests of Other Standard Pipe Entries and CBP's Approvals of these Other**
**Protests**

30.    At the conclusion of the May 1, 2021 – April 30, 2022 administrative review of

standard pipe from Türkiye, CBP also liquidated 198 of BMB's entries at the all-others rate of

14.74 percent instead of the lower rate assigned in Commerce's assessment instructions.  On July

22, 2024, Plaintiff Borusan Boru protested CBP's liquidation of these entries.  *See* **Exhibit 10**

(Protest No. 270424170405).  The protest submitted in July 2024 mirrors the protests filed on

September 18, 2025.  *Compare* **Exhibit 10** with **Exhibits 1** and **2**.

31.     On November 21, 2024, CBP approved Plaintiff Borusan Boru's protest and subsequently re-liquidated the 198 entries at issue at the importer/customer specific assessment rate determined by Commerce during the May 1, 2021 – April 30, 2022 AD administrative review of standard pipe from Türkiye.  *See* **Exhibit 11**.

32.     On December 3, 2025, Plaintiffs also filed additional protests for three entries of standard pipe from Türkiye that entered during the May 1, 2022 – April 30, 2023 period of review and were imported by BMB or BMP.  *See* **Exhibit 12** (Protest no. 530125110680) and **Exhibit 13** (Protest no. 530125110681).

33.     Unlike the 60 entries imported by BMB and the 13 entries imported by BMP that entered during the May 1, 2022 – April 30, 2023 period of review, CBP did not liquidate these three entries on August 8, 2025.  Instead, these entries were deemed liquidated on September 17, 2025 as a matter of law at the amount of duty asserted by BMB and BMP at the time of entry pursuant to 19 U.S.C. § 1504(d), six months after the publication of the *Final Results* notifying CBP of the removal of the suspension of liquidation.  *See* **Exhibit 12** (Protest no. 530125110680) and **Exhibit 13** (Protest no. 530125110681).

34.     Plaintiffs protested these deemed liquidations and argued that CBP should have instead followed Commerce's assessment instructions and assessed an AD rate of **[**

**]** for entries where BMB was the importer/customer and an AD rate of **[**

**]** for entries where BMP was the importer/customer.  *See* **Exhibit 12** (Protest no. 530125110680) and **Exhibit 13** (Protest no. 530125110681).

35.     CBP agreed with Plaintiffs and approved both companies' protests on February 10, 2026.  Shortly thereafter, CBP re-liquidated the three entries subject to these protests and assessed an AD rate of **[                    ]** for entries where BMB was the importer/customer and an

AD rate of **[                    ]** for entries where BMP was the importer/customer.  *See*

**Exhibit 14** (Approval for Protest no. 530125110680) and **Exhibit 15** (Approval for Protest no. 530125110681).

36.    This appeal followed.

**STATEMENT OF CLAIMS**

**Count I**

37.    Plaintiffs incorporate by reference paragraphs 1-36 of this Complaint.

38.    CBP's assessment of the all-others AD rate of 14.74 percent on the entries included in Protest nos. 530125110510 and 530125110511 subject to this complaint was unlawful because Commerce instructed CBP to assess an AD rate of **[            ]** for entries of merchandise produced by BMB for which BMB was the importer/customer and an AD rate of **[                    ]** for entries of merchandise produced by BMB for which BMP was the importer/customer.  The entry documents contained in **Exhibit 3** (for BMB) and **Exhibit 4** (for BMP) confirm that the name of the importer/customer on the BMB and BMP entries matches the names listed in Commerce's assessment instructions (**Exhibit 7**).

39.    Accordingly, CBP's liquidation of Plaintiffs' entries at the all-others AD rate of 14.74 percent is unlawful.  Plaintiffs are entitled to a refund of AD in the amount of the difference between the AD paid on these entries (14.74 percent) and the importer/customer specific assessment AD amount instructed by Commerce plus interest as provided by law.

**Count II**

40.    Plaintiffs incorporate by reference paragraphs 1-39 of this Complaint.

41.    CBP's denial of Plaintiffs' protests and assessment of AD at the all-others rate of 14.74 percent on the entries included within Plaintiffs' protests is arbitrary and capricious. CBP's denial of Plaintiffs' protests subject to this appeal is contrary to its prior protest decisions

9

where it approved Plaintiffs' protests for similarly situated entries during the same period of review and prior period of review.  Protest Nos. 270424170405, 530125110680, and 530125110681 involved entries with a similar fact pattern where CBP failed to liquidate the entries in accordance with Commerce's assessment instructions.  CBP approved all three of these protests.  After approving these other protests, CBP re-liquidated the entries at the correct importer/customer specific assessment rate and refunded the difference in antidumping duties with interest.  There is no factual or legal basis for treating the entries subject to this appeal different than the other entries for which CBP has re-liquidated and refunded the antidumping duties.

42.     CBP's denial of the Protests here is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.  Agencies must "treat like cases alike."  *Westar Energy, Inc. v. Fed. Energy Regul. Comm'n*, 473 F.3d 1239, 1241 (D.C. Cir. 2007).  Where an agency seeks to treat similar situations dissimilarly, the agency must provide sufficient justification for the dissimilar treatment.  *See N. & Santa Fe Ry. Co. v. Surface Transp. Bd.*, 403 F.3d 771, 776 (D.C. Cir. 2005) ("An agency must provide an adequate explanation to justify treating similarly situated parties differently.").  Here, CBP failed to provide any such adequate explanation.

43.     CBP's failure to "observe{} procedure required by law" resulted in the unlawful denial of Plaintiffs' protests and thus must be held "unlawful and set aside" by this Court.  5 U.S.C. § 706(2).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully request that this Court render judgment against Defendant, order CBP to (i) re-liquidate the entries covered by Protest nos. 530125110510 and

10

530125110511 at the applicable importer/customer specific assessment antidumping duty rate of

[                                    ] and to refund the difference between the AD paid on

these entries (14.74 percent) and the importer/customer specific assessment AD amount; (ii) pay

applicable interest thereon; and (iii) grant such other and further relief as the Court shall deem

just and proper.

Respectfully submitted,

/s/ Mary S. Hodgins
Mary S. Hodgins
Julie C. Mendoza
Donald B. Cameron
R. Will Planert
Brady W. Mills
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey
Jenny (Shiyu) Liang
Xi (Jack) Yang

**TAFT STETTINIUS & HOLLISTER LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, D.C. 20036
(202) 216-4111
mhodgins@taftlaw.com

*Counsel to Plaintiffs Borusan Birleşik Boru*
*Fabrikalari Sanayi ve Ticaret A.Ş. and*
*Borusan Pipe U.S. Inc.*

Dated:  March 26, 2026

11

***Borusan Birleşik Boru Fabrikalari Sanayi ve Ticaret A.Ş. and Borusan Pipe U.S. Inc. v.
United States***
U.S. Court of International Trade
Ct. No. 26-2058

Complaint
Exhibit List

| Exhibit No. | Description |
| --- | --- |
| 1 | Protest No. 530125110510 (Sept. 18, 2025) |
| 2 | Protest No. 530125110511 (Sept. 18, 2025) |
| 3 | BMB Entry Summaries Associated with Entries for Protest No. 530125110510 |
| 4 | BMP Entry Summaries and Invoices from BMB Associated with Entries for Protest No. 530125110511 |
| 5 | *Initiation and Antidumping and Countervailing Duty Reviews*, 88 Fed. Reg. 44,262 (Dep't Commerce July 12, 2023) |
| 6 | *Circular Welded Carbon Steel Standard Pipe and Tube Products from Türkiye: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 12,296 (Dep't Commerce Mar. 17, 2025) |
| 7 | Message No. 5114403 – Assessment Instructions (Apr. 24, 2025) |
| 8 | CBP's Denial of Protest No. 530125110510 |
| 9 | CBP's Denial of Protest No. 530125110511 |
| 10 | Protest No. 270424170405 (July 22, 2024) |
| 11 | Approval of Protest No. 270424170405 (Nov. 21, 2024) |
| 12 | Protest No. 530125110680 (Dec. 3, 2025) |
| 13 | Protest 530125110681 (Dec. 3, 2025) |
| 14 | Approval of Protest No. 530125110680 (Feb. 10, 2026) |
| 15 | Approval of Protest 530125110681 (Feb. 10, 2026) |